UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAYLOR ENTERPRISES, LLC,
d/b/a MOTOMENTUM
formerly d/b/a CLASSIC CYCLE PARTS
4623 Northwest Parkway
Hilliard, OH  43026

    Plaintiff,

v.                                                      Case No.

SPINUTECH, INC., successor by merger
to BAYSHORE SOLUTIONS, LLC
600 N. Westshore Blvd., Suite 700
Tampa, FL  33609

    Defendant.
_____/

## COMPLAINT

Plaintiff, ZAYLOR ENTERPRISES, LLC d/b/a MOTOMENTUM, formerly d/b/a CLASSIC CYCLE PARTS ("Plaintiff" or "Motomentum"), by and through its undersigned counsel, and for its Complaint against Defendant, SPINUTECH, INC., successor by merger to BAYSHORE SOLUTIONS, LLC ("Defendant"), hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Motomentum is a foreign limited liability company engaged in interstate commerce, duly organized and registered in the State of Ohio.  Motomentum is engaged in the business of selling parts, equipment, and accessories for motorcycles,

1

snowmobiles, UTVs, ATVs, and watercraft.

2. Defendant Spinutech is a foreign corporation, duly organized and registered in the State of Iowa, and engages in interstate commerce. Spinutech and Bayshore Solutions merged, and Spinutech retained Bayshore Solutions' principal place of business in Tampa, Florida.

3. This Court has subject matter jurisdiction by way of diversity of citizenship, under 28 U.S.C. §1332, as this matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. This Court has personal jurisdiction over Defendant for the reason that Defendant is located in this judicial district and does business in this judicial district. In addition, the applicable agreement between the Parties contains a forum selection clause placing venue in the state or federal courts of Hillsborough County.

5. This Court is the proper venue because Defendant is located in this judicial district and does business in this judicial district. In addition, the applicable agreement between the Parties contains a forum selection clause placing venue in the state or federal courts of Hillsborough County.

**FACTS COMMON TO ALL CLAIMS**

6. Plaintiff incorporates by reference the previous paragraphs as if fully rewritten herein.

7. In or around February 2020, Motomentum began discussions with Defendant to design and implement a website for Motomentum's business.

Motomentum required specific services and deliverables to be part of the website.

8. By way of a Proposal for Website Design and Development, Defendant quoted Motomentum a total estimated cost of $200,515 for delivery of a fully functioning website, further estimating it would be completed within 90-120 days.

9. On or around February 20, 2020, Motomentum and Defendant each signed a "Service Order" and a "Master Services Agreement" (collectively, "the Agreement"), which outlined the specific services and deliverables Motomentum needed for its website and which Defendant promised to deliver. The total estimated cost of $200,515 for delivery of the website and 90-120 days in which it would be completed were each incorporated into the Agreement. (*The Agreement is attached hereto as Exhibit A*).

10. Defendant failed to provide its services and deliverables to Motomentum as required by the Parties' Agreement.

11. Defendant failed to deliver the website to Motomentum on time or on budget.

12. Significantly, the original estimate to complete all services was 90-120 days and at a total estimated cost of $200,515. Instead, Defendant never delivered on all of its contractual deliverables, and yet nonetheless billed Motomentum over $350,000 for an inferior and incomplete product.

13. In or around August 2020, while attempting to work with Defendant to complete the website, Motomentum was left no choice but to begin escalating issues

with the website development to Defendant's employees, namely the Project Manager and ultimately to the CEO, without final resolution.

14. Defendant's executives were unable and unwilling to resolve the ongoing issues.

15. Motomentum began asking for more information and pointing out numerous problems with Defendant's performance until, in November 2020, Motomentum was left no choice but to terminate its relationship with Defendant in response to Defendant's numerous breaches of the Agreement.

16. At that time, despite Motomentum's account being in good standing, Defendant attempted to hold Motomentum hostage and refused to deliver its incomplete, over-cost work product unless Motomentum signed a "Final Project Approval" and paid an additional sum, in violation of Master Services Agreement §§8.1, 8.3, and 8.4.

17. Also at that time, Motomentum had paid improperly incurred charges far beyond the scope of value of what Defendant was contracted to provide. Motomentum did so without prejudice to its right to recoup those monies.

18. In sum, and among other things, Defendant failed to adhere to the estimated cost of $200,515 for delivery of the website. Defendant charged Motomentum over $350,000 for an incomplete and non-functioning website.

19. To date, the work on the website remains incomplete, despite Motomentum spending hundreds of hours trying to fix what Defendant failed to

deliver.

20. Defendant delivered an incomplete, dysfunctional website, in violation of the Agreement.

21. As a result of Defendant's actions, Plaintiff has suffered damages.

22. As a condition precedent to filing suit, Motomentum attempted to engage in discussions with Defendant to resolve this dispute amicably, as set forth in §9.7 of the Master Services Agreement.

23. Specifically, on or around August 19, 2021, counsel for Motomentum sent notice to Defendant, requesting a discussion to resolve this matter prior to filing litigation.

24. On or around September 29, 2021, counsel for Defendant responded, refusing to entertain future discussions, claiming that Defendant did nothing wrong, and suggesting that the Parties agree to a mutual walkaway.

## COUNT I:  BREACH OF CONTRACT

25. Motomentum incorporates by reference the previous paragraphs as if fully rewritten herein.

26. Motomentum and Defendant entered into the Agreement whereby Defendant would provide a functional and complete website to Motomentum.

27. Pursuant to the Agreement, Defendant was to provide specific services and deliverables as part of the website.

28. For the reasons set out more fully above, Defendant breached the

Agreement

29. In addition, Defendant breached the Agreement by failing to provide the specific services and deliverables when it delivered the website, failing to provide the website within the specified timeframe, and failing to provide the website for the agreed-upon price.

30. As a direct and proximate result of Defendant's breach, Motomentum has and will continue to suffer damages in an amount to be more fully determined at trial, and in excess of $75,000.

## COUNT TWO:  UNJUST ENRICHMENT

31. Motomentum incorporates by reference the previous paragraph as if fully rewritten herein.

32. Momentum provided money payments to Defendant with the reasonable expectation that Motomentum would receive goods and/or services, in the form of a functioning website.

33. Defendant has been unjustly enriched by the monies Motomentum provided.

34. So as to remedy the unjust enrichment conferred upon Defendant, Motomentum is entitled to a money judgment against Defendant.

WHEREFORE, Motomentum demands judgment against Defendant in an amount in excess of $75,000, to be determined at trial, plus interest, plus costs, plus any other relief that this Court may deem appropriate either at law or in equity.

## **JURY DEMAND**

Plaintiff Motomentum respectfully requests a trial by jury on all claims and issues so triable.

Date: February 16, 2022        Respectfully submitted,

*By:  Isaiah K. Floyd*
Isaiah K. Floyd, Esq. (Fla. Bar No. 117717)
Brian P. Henry, Esq. (Fla. Bar No. 89069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, FL  34240
T:  (941) 684-0100
F:  (941) 684-0109
E:  ifloyd@rolfeshenry.com
E:  sburns@rolfeshenry.com
E:  bhenry@rolfeshenry.com
E:  srainwater@rolfeshenry.com

*Attorneys for Plaintiff*