UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAYLOR ENTERPRISES, LLC
d/b/a MOTOMENTUM

    Plaintiff,

v.                                                                 Case No.  8:22-cv-395-TPB-MRM

SPINUTECH, LLC,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT'S MOTION TO DISMISS"

This matter is before the Court on "Defendant's Motion to Dismiss," filed by counsel on June 24, 2022. (Doc. 22). On July 15, 2022, Plaintiff Zaylor Enterprises, LLC d/b/a Motomentum filed its response in opposition. (Doc. 26). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

Plaintiff is an "industry leader" in eCommerce Powersports parts and accessories for motorcycles, snowmobiles, UTVs, ATVs, watercraft, and more. Defendant is a "premier" ecommerce, website design, and digital marketing company. In February 2020, Plaintiff began discussions with Defendant to design and implement a website. In a proposal for website design and development, Defendant quoted Plaintiff a total estimated cost of $200,515 for delivery of a fully functioning website, estimating that it would be completed within 90-120 days. On February 20, 2020, the parties signed a service order and a master services

agreement, which outlined specific services and deliverables. The cost and time estimates from the proposal were incorporated into the agreement.

Plaintiff contends that Defendant breached this agreement. In fact, Plaintiff alleges that it received "no value whatsoever" for the services and deliverables because Defendant failed to deliver the website on time or on budget, and that Defendant failed to develop the website according to specifications. Plaintiff alleges that in November 2020, it was left with no choice but to terminate the relationship after Defendant charged Plaintiff over $350,000 for an incomplete and non-functioning website. On February 16, 2022, Plaintiff initiated the instant lawsuit alleging two counts – breach of contract and unjust enrichment. On June 10, 2022, Plaintiff filed an amended complaint. Defendant seeks dismissal of all counts.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Subject Matter Jurisdiction*

The Court first addresses whether Plaintiff has adequately alleged subject matter jurisdiction. As an initial matter, the Court notes that the parties are diverse, and that Plaintiff is seeking in excess of $350,000 in the amended complaint. However, Defendant contends that the contractual provision limiting the amount of recovery must be considered when the Court evaluates whether it has subject matter jurisdiction.

Section 7.5 of the agreement states that

> The aggregate liability or responsibility of Bayshore Solutions under, for, or with respect to any one or more claims, losses, liabilities, damages, actions, causes of action, arbitration awards, deficiencies, costs and expenses (including without limitation, interest costs, penalties and reasonable attorneys' fees) that may arise hereunder for any cause whatsoever, and regardless of the form of action, whether in contract, in tort or otherwise, and including Bayshore Solutions gross negligence or willful misconduct, shall be limited to the aggregate amount paid by Customer under such service order during the then immediately preceding six (6) month period.

Under Defendant's reading of the contract, Plaintiff is unable to recover any damages because it terminated the agreement in November 2020, the agreement limited liability to amounts paid in the last six months, and Plaintiff did not initiate this suit until March 2022. Because Plaintiff cannot recover any damages, Defendant argues that Plaintiff cannot establish the requisite amount in controversy.

The clause at issue is ambiguous – it is far from clear on whether the "preceding six month period" refers to the filing of a complaint or some other date. For example, it could mean the agreement's execution date, the date on which payments are due, the date of accrual of the action, or the date on which a complaint is filed. At the motion to dismiss stage, the Court construes this ambiguity in favor of the non-moving party. As such, it cannot be said to a "legal certainty" that Plaintiff's damages are bound to fall below the jurisdictional threshold. The motion to dismiss is denied as to this ground.

*Count I – Breach of Contract*

Defendant argues that the breach of contract claim should be dismissed for failure to state a claim. To plead breach of contract, a plaintiff must allege: "(1) the existence of a valid contract; (2) breach of the contract; and (3) damages resulting from the breach." *APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1242 (M.D. Fla. 2009). A court may consider a document attached to a motion to dismiss or motion for judgment on the pleadings without converting the motion into a motion for summary judgment if the attached document is: "(1)

central to the plaintiff's claim; and (2) undisputed."[1] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Defendant first argues that Plaintiff has failed to adequately plead damages. Specifically, Defendant contends that Section 7.5 of the agreement expressly prohibits Plaintiff from recovering any damages in this case. As discussed above, the Court finds that this provision is ambiguous because it is unclear what date the "preceding six month period" refers to. The motion is denied as to this ground.

Defendant also argues that Plaintiff has attempted to claim consequential damages notwithstanding the express waiver of consequential damages in the agreement. The Court denies without prejudice the motion to dismiss as to consequential damages at this early stage of the litigation. *See Lady Di Fishing Team, LLC v. Brunswick Corp.*, No. 3:07-cv-402-J-33TEM, 2007 WL 3202715, at *9 (M.D. Fla. Oct. 29, 2007).

Defendant additionally argues that Plaintiff has failed to adequately allege a breach of a specific contract provision related to pricing or completion time. A review of the contract shows that the express terms of the agreement do not include specific obligations as to pricing and completion time. And the agreement does not say that time was of the essence. As such, Defendant "was simply expected to finish [the project] in a reasonable time." *Pretka v. Kotler City Plaza II, Inc.*, 550 F. App'x 830, 834 (11th Cir. 2013) (citing *Greenwood v. Rotfort*, 158 Fla. 197 (Fla. 1946)).

---

[1] Plaintiff attached a copy of the contract to its complaint. (Docs. 1-1; 23). Although Plaintiff expresses in response to the motion to dismiss that it believes the contract was "destroyed" by Defendant's breaches of the agreement, and that the contract is "one-sided, illusory, unenforceable, [and] lacked mutuality of obligation," it does not dispute the authenticity of this document.

Plaintiff alleges sufficient facts to demonstrate that Defendant did not finish the website in a reasonable time, including numerous escalations without resolution from August 2020 until November 2020. The motion to dismiss is denied as to this ground.

*Count II - Unjust Enrichment*

Defendant argues that the unjust enrichment claim should be dismissed because it cannot be pled in the alternative, and because the allegations are insufficiently pled. To state a claim for unjust enrichment, a plaintiff must allege that "(1) plaintiff conferred a benefit upon the defendant, who has knowledge of that benefit; (2) defendant accepts and retains the conferred benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it." *Vibo Corp. v. U.S. Flue-Cured Tobacco Growers*, 726 F. App'x 703, 705 (11th Cir. 2019).

Plaintiff is entitled to assert an alternative theory of unjust enrichment at this stage of the proceedings. *See, e.g., Shibata v. Lim*, 133 F. Supp. 2d 1321, 1320 (M.D. Fla. 2000) ("[B]oth the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment."). However, Plaintiff fails to adequately do so here because Count II is not labeled as an alternative count, and it incorporates prior paragraphs referencing an express agreement. *See, e.g., Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019); *Coleman v. CubeSmart*, 328 F. Supp. 3d 1349, 1367 (S.D. Fla. 2018). The motion to dismiss is granted, with leave to amend.

The Court notes that in the response in opposition, it appears that Plaintiff may believe that there is no valid contract – much of the argument concerns equitable remedies, such as rescission, and Plaintiff even states

> Because [Defendant] retained itself the option of fulfilling the Agreement, and [Defendant] never performed under the Agreement, there was no contract, and [Plaintiff] is not subject to the liability limitation provisions, compensatory, consequential, or otherwise, under the Agreement.

If Plaintiff believes that there is no valid contract, Plaintiff should reconsider the legal theories under which it pursues relief – such as breach of contract – when filing its amended complaint.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss" (Doc. 22) is **GRANTED** to the extent that Count II is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2) The motion is otherwise **DENIED**.

3) Plaintiff is directed to file an amended complaint on or before August 8, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**